IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------
DONALD ZEPHIR                              :
1117 E Sydney St, Apt. D18                 :   CIVIL ACTION NO.:
Philadelphia, PA 19150                     :
           Plaintiff,                  :
                                           :
         v.                                  :   **JURY TRIAL DEMANDED**
                                           :
COUNTY OF BUCKS                            :
55 East Court Street                       :
Doylestown, PA 18901                       :
           Defendant.                  :
---------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff, Donald Zephir ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Defendant, County of Bucks ("Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff brings this Complaint contending Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* with respect to discrimination on the basis of his disabilities and in retaliation for his requests for reasonable accommodations in connection thereto.

2. Plaintiff further brings this Complaint contending that Defendant interfered with the exercise of his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* and retaliated against Plaintiff for attempting to exercise his rights under the same.

## PARTIES

3. Plaintiff, Donald Zephir, is a citizen of the United States and the Commonwealth of Pennsylvania, and currently maintains a residence at 1117 E Sydney Street Apt D18 Philadelphia, PA 19150.

1

4. Upon information and belief, Defendant, County of Bucks, is a government entity organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a principal place of business located at 55 East Court Street Doylestown, PA 18901.

## JURISDICTION AND VENUE.

5. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

6. On or about September 23, 2024, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (c). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2024-09736. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

7. By correspondence dated February 2, 2026, Plaintiff received a Notice of Rights to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against Defendant.

8. Plaintiff filed the instant action within the statutory time frame applicable to his claims.

9. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintain this action.

10. This is an action authorized pursuant to Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

12. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative fact as the federal claims.

13. The venue in this district is proper to 28 U.S.C. § 1391, inasmuch as Defendant conducts business therein and the events giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

14. The preceding paragraphs are hereby incorporated by reference, as though the same were fully set forth at length herein.

15. Plaintiff began his employment with Defendant in or about July 2023 in the position of Corrections Officer.

16. At all times material hereto, Plaintiff performed his job well, receiving occasional praise and no justifiable discipline.

17. In or about early 2024, Plaintiff was diagnosed with an exceptionally severe case of kidney stones that required surgery and would cause episodic flare-ups over the ensuing six months or more.

18. Plaintiff's kidney stones constitute a disability within the meaning of the ADA and PHRA in that they substantially limit one or more major life activities.

19. Plaintiff's kidney stones also constitute a serious health condition within the meaning of the FMLA.

20. Plaintiff informed Defendant of the same and, due to his disability, requested a medical leave of absence of several occasions throughout February and March 2024.

21. Plaintiff's surgery was scheduled for April 15, 2024.

22. Plaintiff thereafter requested leave under the Family and Medical Leave Act ("FMLA") for April 8, 2024, through April 25, 2024.

23. On or about April 18, 2024, Defendant's human resources representative Lauren Mervine informed Plaintiff that he would not be eligible for FMLA until July 2024.

24. Ms. Mervine forwarded Plaintiff and ADA Request Form so that Plaintiff could request a contractual leave of absence as provided in his union contract.

25. On or about April 25, 2024, Plaintiff forwarded Ms. Mervine his completed ADA Request Form as well as an updates doctor's note requesting that he be excused from work from April 8 through April 30 with a return-to-work date of May 1, 2024.

26. Ms. Mervine subsequently informed Plaintiff that his leave of absence had been approved, and he return to work on May 1, 2024.

27. On or about May 22, 2024, Plaintiff experienced another episodic flare-up of his kidney stones and requested a two-day leave of absence until May 25.

28. On or about June 28, 2024, Defendant informed Plaintiff it was holding a pre-disciplinary meeting to discuss his absences, including those which had been approved in relation to Plaintiff's April surgery.

29. During this meeting, Defendant did not share any concerns regarding Plaintiff's performance as a Corrections Officer.

30. On or about July 3, 2024, Defendant informed Plaintiff it was terminating his employment due to "unsatisfactory performance and attendance."

31. Defendant, however, declined to elaborate on the conduct it alleged constituted "unsatisfactory performance."

32. As stated above, Plaintiff would have been eligible for leave under the FMLA in July 2024.

33. It is believed and therefore averred that Defendant discriminated against Plaintiff by unlawfully terminating his employment on the basis of his disabilities and in retaliation for his requests for reasonable accommodations in connection with the same, in violation of the ADA and PHRA.

34. It is further believed and therefore averred that Defendant terminated Plaintiff's employment in retaliation for exercising and/or attempting to exercise his rights under the FMLA.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, et seq.
## DISCRIMINATION, FAILURE TO ACCOMMODATE, & RETALIATION

35. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

36. At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.

37. At all times relevant hereto, Defendant had at least fifteen (15) employees.

38. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities, as his kidney stones substantially limited his ability to engage in one or more major life activities for an extended period of time.

39. Despite his disabilities, Plaintiff would have been able to perform the essential functions of his job with or without a reasonable accommodation.

40. Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

41. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff because of his actual and/or perceived disabilities and because of his record of disability/impairment.

42. Additionally, Defendant, through its agents, officers, servants and/or employees, has violated the ADA by terminating Plaintiff in retaliation for his request(s) for a reasonable accommodation in connection thereto.

43. Additionally, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by failing to engage, in good faith, in the interactive process to determine a reasonable accommodation and by failing to accommodate Plaintiff upon learning of Plaintiff's request(s) and/or need for accommodation(s).

44. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of earnings, earnings potential, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D.   Pre-judgment interest in an appropriate amount; and

E.   Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951, et seq.
## DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE

45. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

46. Plaintiff is a qualified individual with a disability/handicap within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq. and as such is a member of a class protected under the PHRA from unlawful discrimination and/or retaliation.

47. As described above, Plaintiff's disabilities substantially limit Plaintiff in one or more major life activities.

48. Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

49. Plaintiff requested a reasonable accommodation in connection with his disabilities.

50. Defendant failed to accommodate Plaintiff's reasonable request for accommodations in connection with her disabilities.

51. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, violated the PHRA by terminating Plaintiff because of his actual and/or perceived disabilities, his past record of impairment/disability, because it regarded him as being disabled within the meaning of the PHRA, and/or in retaliation for requesting a reasonable accommodation for her disability.

52. Additionally, Defendant, through its agents, officers, servants, and/or employees, has violated the PHRA by by failing to accommodate Plaintiff upon learning of Plaintiff's

request(s) and/or need for accommodation(s).

53. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances; and,

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

### COUNT III
### FAMILY AND MEDICAL LEAVE ACT
### 29 U.S.C. 2601, *et seq.*
### INTERFERENCE AND RETALIATION

54. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

55. Defendant is a "covered employer" under the FMLA and employed at least fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's worksite for each working day in each of (20) or more calendar weeks in 2025, 2024, and 2023.

56. Plaintiff would have been an eligible employee under the FMLA and was entitled to take up to twelve (12) weeks of unpaid leave in order to care for his serious health conditions.

57. Plaintiff provided adequate notice to Defendant of his need for leave under the FMLA by giving notice as soon as he became aware of the need and as soon as was practicable.

58. Defendant violated the FMLA by terminating Plaintiff for attempting to take FMLA-qualifying leave and/or in retaliation for exercising his rights under the FMLA.

59. The aforementioned actions of Defendant constitute both interference and retaliation violations of the FMLA.

60. As a result of Defendant's actions, Plaintiff has suffered significant damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendant, and grant him the maximum relief allowed by the law, including, but not limited to:

1) Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

2) Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

3) Liquidated damages;

4) Plaintiff's costs, disbursements, and reasonable attorneys' fees incurred in prosecuting this action;

5) Pre-judgment interest in an appropriate amount; and

6) Such other and further relief as is just and equitable under the circumstances.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

                                        Respectfully submitted,

                                        **MURPHY LAW GROUP, LLC**

By:    /s/ *Johannes Hoffman*
           Johannes Hoffman, Esq.
           Michael Murphy, Esq.
           Eight Penn Center, Suite 1803
           1628 John F. Kennedy Blvd.
           Philadelphia, PA 19103
           TEL: 267-273-1054
           FAX: 215-525-0210
           jhoffman@phillyemploymentlawyer.com
           murphy@phillyemploymentlawyer.com
           Attorneys for Plaintiff

Dated: February 24, 2026

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.